SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS
-------------------------------------------------------------x

                                                      Index No. _____/__
                                                      Date Index No. purchased _____

SAMUEL OBRIEN  Plaintiff,

-against-

CITY OF NEW YORK, DEPARTMENT OF EDUCATION Defendants

-------------------------------------------------------------x

                                                     **SUMMONS**

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: April 6, 2022                                         SAMUEL OBRIEN
                                                                      60 Clarkson Ave, 2F,
                                                                      Brooklyn NY 11226
                                                                        Phone : 917-742-6510.

Defendant's Address :
City of New York , Department of Education
52 Chambers Street, Room 320, B4
New York, New York 10007

        Venue: Plaintiff designates Kings County as the place of trial.  The basis of this designation is :
            ☑ Plaintiff(s)' Residence in Kings County,
            ☑ Defendant(s)' Residence in Kings County.

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS

TO THE SUPREME COURT OF THE STATE OF NEW YORK

INDEX NUMBER_____/20\_\_\_\_
[PURCHASE DATE OF INDEX #      ]

Samuel OBrien, Pro Se   PLAINTIFF

Against                                                                                                     **COMPLAINT**

The City of New York, Department of Education  DEFENDANT


 TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, SAMUEL OBRIEN respectfully shows and alleges as follows:


1. NYC Department of Education employees, namely the staff at High School for Youth and Community Development, (located at 911 Flatbush Ave, Brooklyn NY 11226), violated Title VII of the Civil Rights Act of 1964, in that they discriminated against plaintiff ( Samuel O'Brien) while he was an employed as a Special Education Teacher, based on race, color, national origin and religion.


2. Plaintiff  was denied access to a bathroom facility despite numerous requests(both verbally and in writing). Plaintiff is also suing for the subsequent retaliation by school staff after he made complaints to The United Federation of Teachers (UFT), his UFT representative at the school, and the NYC Department of Education's, Office of Equal Opportunity.

1

3. This retetaliation comprised of biased performance reviews, false charges of insubordination, discriminatory remarks made against him by staff members which alluded to his nationality and religion. These false allegations culminated into his termination, which he received notice of on 8/20/2021, 5 days after filing a case of discrimination with the NY Office of Human Rights.

4. Under United States Department of Labor Law, employers are required to provide employees with the human right of restroom access regardless of race, gender or nationality. OSHA's sanitation standard for general industry, 29 CFR 1910.141(c)(l)(i), requires employers to provide their employees with toilet facilities: It goes on to state in memorandum 1910.141(c)(1)(i), that "employers must make toilet facilities available so that employees can use them when they need to do so. According to Title VII of The Civil Rights Act of 1964, VII), § 296 of New York State Executive Law, it is unlawful in the state of NY for employers to discriminate against employees based on race/nationality and gender.

5. During my tenure at the High School for Youth and Community Development, I, Samuel OBrien, was discriminated against by the school administration and the teaching staff, based on my race, nationality, gender and religious beliefs. The accounts of discrimination are clearly noted and documented through texts and email messages and show that the staff at the High School for Youth and Community Development gave me a key for a female bathroom, and upon my returning it,thinking it was a mistake, they continued for months to deny my requests for a key to a bathroom facility on the school premises, In addition, I was retailed against after making complaints to my union(the United Federation of Teachers), my union rep, and the Education Department's Office of Civil Rights. This triggered a host of untruthful allegations of misconduct

and the biased performance reviews resulting in the lowest possible teaching ratings at the school.

6. On September 29, 2020, I Samuel OBrien, just as I was about to begin a class, was given a key by one of the custodial workers, (referred to as Mr.G). and was told that it was for the bathroom on the 5th floor. That very same day at 8:21am, before my first period class started at 8:30 am, I received an email from AP Jofee to which I confirmed at 8:26 am, that I had received the key from the custodian and would reach out if there were any issues. After my class, I went to the door and noticed that it was a female bathroom. I promptly returned the key to Mr.G and Ms.Desdunes, who were seated in a room on the 5th floor, and communicated that it was a key to a female bathroom, thinking that it was an error.

7. Following this event, I requested both verbally and via email, to several members of staff,( Assistant Principal Avi Jofee, Assistant Principal Raizy .Silberstein, school custodian Mr.G, and office staff worker, Ms.Desdunes for a key to a toilet facility. For months, AP Joffe, though being aware of my requests, ignored me for months, visiting my classroom everyday withoutcordial morning salutations. Upon realizing that AP Joffe was intent on ignoring me, I related the information to AP Silberstein who confirmed that she will make sure that a key was provided to me. Instead of being given a key, on November 4, 2020, Assistant Principal Joffe had a staff member place an easily removable "unisex" paper sign on the same 5th floor women's bathroom door, however, neither AP Joffee or any other school representative provided a key to that bathroom or any other within the school building. It is important to note that all other teachers and school staff had their personal key to a bathroom facility that reflected their gender,

which they could use at their convenience. In addition, all of the staff restroom facilities required a key for entry, and, despite my numerous requests for one from the custodian, Mr.G, Assistant Principal Mr.Joffe and Assistant Principal Silberstein, I went without access to a toilet facility for months. My requests seemed to infuriate both the custodian and AP Joffe. This particular custodian referred to as Mr.G, who also claimed to be of Trinidadian descent later mimicked my Trinidadian accent while condescendingly denying me. One of his responses was that he would "break it down in a language" so I could understand. This was offensive as I was the only afro male Trinidadian teacher on the YCD staff.

8. The items of damage or injuries sought are due to the discriminatory practices of the school staff and administration for discrimination based on my race, national origin, sex and religion which caused undue amounts of emotional stress on myself and my family. I am seeking financial damages for the loss of income, credit rating damage, loss of assets, loss of my teaching certification, loss of university credentials and time lost in pursuing my Masters Degree and for the mental and emotional distress amounting to $300, 000 in damages. This is based on the number of employees at the Department of Education. I am also requesting the reinstating of my teaching license and any record of misconduct removed from my personal file.

9. By reason of the facts and circumstances stated above, plaintiff has been damaged by defendant in the sum of $300,000. WHEREFORE, plaintiff demands judgment against defendant in the sum of $300,000.00 together with any other relief the Court finds to be just and proper.

**Breakdown**

$200,000 for Tort and Personal injury ( based on employer having more than 50,000 employees) due to the intentional infliction of emotional distress of having my basic human rights violated during my tenure, $50, 000 for loss of certification, time and lost wages, $50,000 for defamation and for credit rating damage, loss of assets, loss of university credentials and time lost in pursuing my Masters Degree in Education and for the mental and emotional distress for employment discrimination based on race, nationality and religion.

Dated : April 21, 2022

Plaintiff : SAMUEL OBRIEN

60 Clarkson Ave, 2F, Brooklyn, NY  11226

Phone : 917-742-6510

## VERIFICATION

_Samuel O'Brien_ being duly sworn, deposes and says: I am the plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as and as to those matters I believe them to be true.

Signature

Samuel O'Brien

Print Name

Sworn to before me this

21st day of 04/20 22

Notary Public

MARLINE FLORVIL-CHARLES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FL6173312
Qualified in Kings County
My Commission Expires 08-27-2023

5

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St ,5th Floor
New York ,New York ,10004
(929) 506-5270
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/04/2022

**To:** Samuel O'Brien
60 Clarkson Avenue, Apt 2F
Brooklyn, NY 11226

Charge No: 16G-2021-02667

EEOC Representative and email:   Holly Shabazz
S/L Tribal Program Manager
holly.shabazz@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 16G-2021-02667.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St ,5th Floor
New York ,New York ,10004
(929) 506-5270
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Judy Keenan
03/04/2022

Judy Keenan
District Director

**Cc: City of NY Dept. of Education**

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16G-2021-02667 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor New York, NY 10004. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)